IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Malik Demond Washington,<br><br>Plaintiff,<br><br>v.<br><br>Carl Ritchie, Michael Stanley, Melissa Last, Emily Brown, Sgt. Yaw, Sgt. Fishburn, Sgt Berry, and Deputy Evans; and Nurse McNeal,<br><br>Defendants. | Case No. 5:26-cv-02328-SAC-KDW<br><br>**OPINION AND ORDER** |

This matter is before the Court on three Motions for Temporary Restraining Orders ("TRO"), ECF Nos. 43; 46; 49, and a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 62. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings. For the reasons stated herein, the Court ACCEPTS the Report of the Magistrate Judge and DENIES Plaintiff's Motions.

## BACKGROUND

Plaintiff, proceeding *pro se* and in *forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights while detained in the Charleston County Detention Center. ECF No. 1. Specifically, Plaintiff complains about various alleged incidents between January 1, 2026, to May 21, 2026,[1] where Defendants used excessive physical force, refused him food, forced him on suicide watch, locked him in his cell for several days, and

[1] Plaintiff alleges that his claims arise from events that transpired between November 2025, to the time the complaint was docketed on June 15, 2026. ECF No. 1 at 7. However, the incidents listed in Plaintiff's Complaint are dated from January 1, 2026, to May 21, 2026. *Id.* at 8-14.

failed to provide medical care in deliberate indifference to his medical needs. *Id.* Plaintiff seeks declaratory relief, injunctive relief, and compensatory and punitive damages. *Id*. at 17. After filing his Complaint, Plaintiff filed three identical Motions for TRO, seeking an order enjoining the Defendants from

> "1) enforcing ad hoc discriminatory and purgatory conditions of disciplin[e] without due process; 2) denying [plaintiff] 'similar requirement treatment' (which is a product of the 14th amendment to the U.S. Constitution equal protection clause); 3) denying plaintiff recreation[;] 4) denying plaintiff the right to a shower; 5) denying plaintiff access to medical appointments; [and] 6) falsely imprisoning plaintiff to a cell 24 hours a day without merit or warrant."

ECF Nos. 43; 46; 49. Plaintiff argues the Court has "authority, faculty, and jurisdiction" to restrain violations and acts "stated in a verified complaint" under Rule 65 that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Defendants Michael Stanley, Melissa Last, Sgt. Yaw, Sgt. Fishburn, Sgt. Berry, and Deputy Evans (the "Responding Defendants") assert that a TRO is not proper under the circumstances. ECF No. 56. Responding Defendants further respond that Plaintiff is being held in the Behavior Management Unit, a more restrictive unit than general population, that he is designated as a "non-compliant" inmate, that he is placed in restraints when out of his cell for safety and security reasons, and that Plaintiff is allowed recreation, showers, visits with his attorney, and access to medical care on a regular basis. *Id.*

On September 16, 2026, the Magistrate Judge issued a Report recommending Plaintiff's Motion for TRO, ECF No. 49, be denied and his prior two Motions for TRO, ECF Nos. 43 and 46, be denied as moot. ECF No. 62. No objections have been filed and the time to do so has lapsed.

## STANDARD OF REVIEW

### I. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)).

### II. Temporary Restraining Order

A TRO, like a preliminary injunction, is a drastic remedy that serves an exceedingly narrow purpose. *See Munaf v. Geren*, 553 U.S. 674, 689 (2008). It exists only to preserve the status quo until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). The standard for granting a request for a TRO and entering a preliminary injunction are identical. *See, e.g., Sauer-Danfoss (US) Co. v. Nianzhu Luo*, C.A. No. 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (citing *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for TRO)).

A plaintiff seeking a preliminary injunction or a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Frazier v. Prince George Cnty., Md.*, 86 F.4th 537, 593 (4th Cir. 2023). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345-46 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010). Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346. Finally, the court must "pay particular regard to the public consequences of employing the extraordinary remedy of injunction." *Real Truth*, 575 F.3d at 347 (citation modified).

## ANALYSIS

The Report found that Plaintiff's motions should be denied because he failed to demonstrate the factors outlined in *Winter v. Natural Resources Defense Council, Inc.*, requiring injunctive relief. ECF No. 62. Specifically, the Report notes that Plaintiff has not made a clear showing he is likely to succeed on the merits of his Complaint, he does not make any specific factual allegations that he is threatened with imminent injury, loss, or damages, and he has not shown that a TRO would be in the public interest. *Id.* at 5. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge and incorporates the Report by reference.

## CONCLUSION

Accordingly, Plaintiff's Motion for Temporary Restraining Order [ECF No. 49] is **DENIED**, and Plaintiff's Motions for Temporary Restraining Order [ECF Nos. 43 and 46] are **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

United States District Judge

November 2, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.